UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH EMERSON,

    Plaintiff,

                                                                 Civil Action No. 17-12252

v.

                                                                HONORABLE DENISE PAGE HOOD

TOLEDO POLICE DEPARTMENT AND
TOLEDO FBI,

    Defendants.
_____/

**<u>ORDER GRANTING APPLICATION TO
PROCEED WITHOUT PREPAYING FEES,
SUMMARILY DISMISSING AND CLOSING ACTION,
FINDING ALLEGATIONS FRIVOLOUS,
AND
ENJOINING PLAINTIFF JOSEPH EMERSON
FROM FILING ANY NEW ACTION WITHOUT FIRST
OBTAINING PERMISSION FROM THE COURT</u>**

**I.    SUMMARY DISMISSAL OF COMPLAINT**

Before the Court is Joseph Emerson's Application to Proceed *In Forma Pauperis*. A review of the application supports his claim of pauper status. The Court grants *in forma pauperis* status to proceed without prepayment of the filing fee for this action. However, for the reasons set forth below, the Court dismisses the action as frivolous and for failure to state a claim upon which relief may be granted.

Pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B), a district court may

dismiss a complaint before service on a defendant if it is satisfied that the action is frivolous, malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant or defendants who is/are immune from such relief. A complaint may be dismissed as frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In *McGore v. Wrigglesworth,* the Sixth Circuit clarified the procedures a district court must follow when faced with a civil action filed by a non-prisoner proceeding *in forma pauperis*:

> Unlike prisoner cases, complaints by non-prisoners are not subject to the screening process required by § 1915A. However, the district court must still screen the complaint under § 1915(e)(2) ... Section 1915(e)(2) provides us with the ability to screen these, as well as prisoner cases that satisfy the requirements of this section. The screening must occur even before process is served or the individual has had an opportunity to amend the complaint. The complaint must be dismissed if it falls within the requirements of § 1915(e)(2) when filed.

*McGore v. Wrigglesworth,* 114 F.3d 601, 608 (6th Cir. 1997)(overruled on other grounds by *Jones v. Bock,* 549 U.S. 199 (2007)); *Smith v. Bernanke,* 283 F. App'x 356, 357 (6th Cir. Jun. 26, 2008). Federal courts hold the *pro se* complaint to a "less stringent standard" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519 (1972). However, *pro se* litigants are not excused from failing to follow basic procedural requirements. *Jourdan v. Jabe,* 951 F.2d 108, 110 (6th Cir. 1991); *Brock*

*v. Hendershott*, 840 F.2d 339, 343 (6th Cir. 1988).

Plaintiff filed a document purporting to be a complaint against Defendants Toledo Police Department and Toledo FBI. (Doc. No. 1) The filed documents include: a Decision by the State of Ohio Unemployment Compensation Review Commission; a request for 3 subpoenas to the unemployment hearing; a fax communication result report; notes regarding an apartment and laborers job; a weekly benefits summary; faxes to the unemployment and cardinal temporary agency; a Directors' Redetermination; rambling notes regarding obtaining a permit to carry and that the Toledo police and the Lucas County Ambulance were stalking him (Doc. No. 1, Pg ID 23-35).

Plaintiff failed to follow the rules of pleading set forth in Rule 8(a) of the Rules of Civil Procedure which requires "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The documents submitted by Plaintiff do not meet the requirements under Rule 8(a). Even liberally construing the various documents, the Court finds that the "Complaint" fails to state a claim upon which relief may be granted under Rule 12(b)(6). Since the documents in his "Complaint" were failed, Plaintiff has since filed and faxed to chambers, various documents and notes. The Court finds Plaintiff's submissions frivolous.

## II. ENJOINING FURTHER FILING

The instant action is the seventh action[1] filed by Plaintiff within the last two years. All actions have been summarily dismissed by the various judges assigned to the case.

The Sixth Circuit has held that district courts may properly enjoin vexatious litigants from filing further actions against a defendant without first obtaining leave of court. *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998); see also, *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987). "There is nothing unusual about imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation." *Feathers,* 141 F.3d at 269. A district court need only impose "a conventional prefiling review requirement." *Id.* The traditional tests applicable to preliminary injunction motions need not be applied since the district court's prefiling review affects the district court's inherent power and does not deny a litigant access to courts of law. See *In re Martin-Trigona*, 737 F.2d 1254, 1262 (2d Cir. 1984). A prefiling review requirement is a judicially imposed remedy whereby a plaintiff must obtain leave of the district court to assure that the claims are not frivolous or

---

[1] The six previously-filed cases are: 1) *Emerson v. Exclusive Auto*, Case No. 16-10682 (Hood); 2) *Emerson v. UAW Local 50,* Case No. 10851 (Friedman); 3) *Emerson v. UA Local 50,* Case No. 16-10981 (Leitman); 4) *Emerson v. Mandros,* Case No. 16-11279 (Battani); 5) *Emerson v. UA Local 50,* Case No. 16-11506 (Edmunds); and 6) *Emerson v. City Manager,* Case No. 16-11507 (Hood).

harassing. *See e.g.*, *Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1996). Often, a litigant is merely attempting to collaterally attack prior unsuccessful suits. *Filipas*, 835 F.2d at 1146.

In light of Plaintiff's now seven filed actions which have been summarily dismissed by various judges in this Court, it is appropriate the Plaintiff must obtain permission of the district court for any new action to assure that the claims are not frivolous or harassing. Plaintiff is a resident of Toledo, Ohio, yet he files various actions against defendants who do not reside in the Eastern District of Michigan. Plaintiff is enjoined from further filing new actions without permission from the judge assigned to any new proposed complaint.

Plaintiff is further enjoined from faxing documents to the court or any chambers in this District because the Rules of Civil Procedure and the Local Rules do not provide for "filing" documents by "fax." Because Plaintiff is not an approved e-filer, Plaintiff must "deliver" any paper for filing "to the clerk" of court. Fed. R. Civ. P. 5(d)(2)(A). The Local Rules further provide that certain required information (name of court, title and number of case, the nature of the paper to be filed, etc.) must be in all papers presented for filing. E.D. Mich. LR 5.1(A)(1). Plaintiff's various documents submitted (either by fax or mail) for filing do not contain the required information.

5

## III. CONCLUSION

For the reasons set forth above, Plaintiff's Complaint is dismissed as frivolous and Plaintiff is further enjoined from filing any new action without obtaining permission to do so.

Accordingly,

IT IS ORDERED that Plaintiff Joseph Emerson's Application to Proceed *In Forma Pauperis* Without Prepaying Fees or Costs (**Doc. No. 2**) is **GRANTED**.

IT IS FURTHER ORDERED that the action is **DISMISSED** with prejudice and this action is designated as **CLOSED** on the docket.

IT IS FURTHER ORDERED that this action is frivolous under 28 U.S.C. § 1915(e)(2)(B). Any Appeal of this Order would be frivolous and would not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962), *McGore*, 114 F.3d at 610-11.

IT IS FURTHER ORDERED that Plaintiff Joseph Emerson is **ENJOINED** from filing any new action without first obtaining permission from the judge assigned to any new proposed complaint sought to be filed.

IT IS FURTHER ORDERED that Plaintiff Joseph Emerson is **ENJOINED** from submitting any new documents by fax to the Court or any chambers in this District. Plaintiff must either hand-deliver or mail to the Clerk of Court any new

documents to be filed. Any faxed documents will not be considered by the Court.

                    S/Denise Page Hood
                    Denise Page Hood
                    Chief Judge, United States District Court

Dated: July 31, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 31, 2017, by electronic and/or ordinary mail.

                    S/LaShawn R. Saulsberry
                    Case Manager